IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |  |
|---|---|---|
| | § | |
| TERYL RIDEOUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:04-CV-0106-C |
| | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION

THIS MATTER is before the court upon Plaintiff's complaint filed April 27, 2004, for

judicial review of the administrative decision of the Commissioner of Social Security denying

Plaintiff's applications for a period of disability and disability insurance benefits under Title II of

the Social Security Act.  Plaintiff filed a brief in support of his complaint on August 19, 2004, and

Defendant filed her brief on September 16, 2004.  The United States District Judge, pursuant to

28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and

recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.  This

court, having considered the pleadings, the briefs, and the administrative record, recommends that

the United States District Judge affirm the Commissioner's decision and dismiss the complaint with

prejudice.

I.   STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on

January 14, 2002, alleging disability beginning March 1, 2001. Tr. 18, 66-67. Plaintiff's application

was denied initially and upon reconsideration.  Tr. 68-71, 74-78.  Plaintiff filed a Request for

Hearing by Administrative Law Judge on October 22, 2002, and this matter came for hearing before the Administrative Law Judge ("ALJ") on February 3, 2003.   Tr. 18, 30-56, 64.   Plaintiff, represented by an attorney, testified in his own behalf.   Tr. 33-49.   Michael Driscoll, a  vocational expert ("VE"), appeared and testified as well.   Tr. 49-55.   The ALJ issued a decision unfavorable to Plaintiff on May 7, 2003.   Tr. 16-24.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.   He found that Plaintiff met the disability insured status requirements on March 1, 2001, through the date of his decision and that Plaintiff had not engaged in substantial gainful activity at any time since March 1, 2001.   Tr. 19.   He found that Plaintiff has "severe" impairments, including lumbar degenerative facet disease; right shoulder impingement, rupture of his right biceps tendon, and right acromioclavicular arthritis, all three status post surgery; and bilateral knee arthritis status post two surgeries on the right and one on the left. *Id*.   He further found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.   *Id*.   Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy. Tr. 19-24.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.   Tr. 21.

The ALJ found that Plaintiff could not return to his past relevant work as a landman or rural mail carrier.   Tr. 23.   He noted that Plaintiff was considered a "younger individual" with a high school education.   *Id.*

-2-

The ALJ found that Plaintiff retained the exertional capacity for light work limited by his knee, shoulder, and low back pain.  Tr. 23.  He found that Plaintiff retained the RFC to perform a limited range of light work, which generally involves the lifting of no more than 20 pounds at a time with frequent lifting of up to 10 pounds and standing and walking, off and on, for a total of 6 hours out of an 8-hour workday.  Tr. 22-24.  He found that Plaintiff retains the ability to perform this RFC for a sustained basis, *i.e.*, for a 40-hour workweek, for an indefinite period of time.  *Id*.  Having found that Plaintiff's nonexertional limitations do not allow him to perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments.  Tr. 24.  The ALJ relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in the national economy, including the jobs of clerical sorter, with 4,300 jobs in the state and 1,200,000 nationally; information clerk, with 3,000 jobs in the state and 100,000 nationally; and order taker, with 3,800 jobs in the state and 127,000 jobs nationally. *Id*.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  *Id*.

On May 23, 2003, Plaintiff submitted a Request for Review of Hearing Decision/Order, which included a request for a copy of the exhibits and hearing tape and for a 60-day extension to submit additional evidence.  Tr. 13-15.  On December 23, 2003, the requested exhibits and tape were furnished and action on the case was deferred for 25 days.  The Appeals Council issued its opinion on February 27, 2004, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision and denied Plaintiff's request.  Tr. 3-6.  The ALJ's decision, therefore, became the final decision of the Commissioner.

On April 27, 2004, Plaintiff commenced this action seeking judicial review of the Commissioner's decision finding that Plaintiff was not disabled.

## II.    STANDARD OF REVIEW

An individual may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)(citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance," and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

 In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity, which is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452. *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case, the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy.  Tr. 18-19, 24.

## III.   DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to incorporate limitations imposed by his shoulder and biceps tendon impairments, which limit his use of the (dominant) right hand, into his RFC finding and failed to incorporate such limitations into the hypothetical questions posed to the VE.  Plaintiff argues that as a result, the VE's testimony does not  constitute substantial evidence to support the ALJ's finding that Plaintiff could make a vocational adjustment to other work in the national economy.

**A.      Whether the ALJ erred by failing to incorporate limitations on the use of Plaintiff's (dominant) right hand into the RFC finding.**

Plaintiff argues that the ALJ erred by failing to incorporate any limitations into the RFC finding to accommodate his shoulder and biceps tendon impairments, which limit his use of the (dominant) right hand.  Plaintiff alleges that uncontroverted evidence in the record demonstrates that he has limited range of motion and strength in the right arm.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

In his opinion the ALJ addressed Plaintiff's shoulder and biceps tendon impairment.  He found that Plaintiff's severe impairments included right shoulder impingement, rupture of the right biceps tendon, and right acromioclavicular arthritis.  Tr. 19.  He noted that Plaintiff had a history of progressive pain and discomfort compatible with impingement of the right shoulder.  *Id.*  The ALJ also noted Plaintiff's March 2001 right shoulder injury, including evidence of a gross rupture of the long head of the biceps tendon, a moderate impingement, and x-ray evidence of a probable bone-on-

bone in the acromioclavicular joint area.  *Id*.  The ALJ also noted the MRI evidence of a right biceps tendon tear and possible injury to the biceps labral complex and rotator tendinosis.  *Id*.  He also discussed Plaintiff's surgery and post operative diagnosis, noting that Plaintiff did well post-operatively and underwent rehabilitation.  *Id*.  The ALJ further discussed the observations of the CE, who indicated that Plaintiff showed a good range of motion, with some weakness of the abduction and some slight shortness of his biceps muscle.  Tr. 19-20.  He also discussed evidence suggesting a mild weakness in Plaintiff's right grip.  Tr. 21.  The ALJ noted that Plaintiff has been told by his doctors that he would have some permanent changes in his right shoulder and knees after his surgeries.

In his opinion the ALJ found that Plaintiff's impairments imposed some limitations on his ability to work.  Tr. 22.  In making his RFC finding, the ALJ noted that because of the evidence of Plaintiff's continued pain in his right shoulder, he should not lift heavy items, could perform positional changes only occasionally, cannot kneel or crouch, cannot sit or stand for long, and cannot perform prolonged walking and standing.  *Id*.  He again noted that Plaintiff experienced loss of strength in his right shoulder and can expect pain with repetitive motion.  *Id*.  The ALJ found that Plaintiff could not perform his past relevant work as a landman, despite the testimony of the VE indicating that a hypothetical person of Plaintiff's age, with his RFC and vocational history, could perform the job of landman.  Tr. 23.  The ALJ specifically noted that Plaintiff's doctors opined that he is precluded from performing his past relevant work as a rural mail carrier.  *Id*.  The ALJ therefore found that Plaintiff retained the RFC to perform a limited range of work at the light exertional level.  The RFC finding specifically referenced the limitations imposed by Plaintiff's knee, shoulder, and low back pain.  *Id*.

Plaintiff argues that the RFC of the ALJ constituted an implicit finding that he has no limitations in reaching with his dominant arm.  The ALJ's opinion is consistent with the medical

evidence in the record.  Tr. 142 (MRI of right shoulder).  Dr. Vernon L. Ryan indicated in his letter in support of Plaintiff's request for early retirement that Plaintiff could not perform the arduous requirements of his previous job as a rural mail carrier, which including lifting, sorting, and loading parcels weighing up to 70 pounds.  Tr. 145.  He indicated that Plaintiff could expect a significant loss of strength and pain with repetitive motion.  *Id*.  Dr. Ryan noted that the opinions in his letter specifically addressed Plaintiff's ability "to carry out his work description as rural carrier."  *Id*.  Dr. Ryan opined that Plaintiff was "physically unable to meet the requirements as a Rural Carrier."  Tr. 146.  In his treatment note dated August 30, 2001, Dr. Ryan noted that Plaintiff's chronic muscular problems produce pain and interfere with his ability to carry out his required work activities as a rural carrier.  Tr. 147.

Dr. Ryan's progress note dated March 19, 2001, regarding Plaintiff's shoulder and arm notes that Plaintiff would undergo an acromioplasty and evaluation of the rotator cuff, which would require that Plaintiff be in a sling for about six weeks with the likely result of some residual limitation for a while and the possibility of some permanent residual changes.  Tr. 153.  Post-surgical progress notes indicate that Plaintiff was doing very well.  Tr. 152.

Dr. S. Daggubati, the internal medicine consultative examiner, examined Plaintiff on July 9, 2002.  Tr. 178-180.  Dr. Daggubati noted upon examination that Plaintiff has some "moderate pain at the right shoulder, back and knees, associated with stiffness in the mornings, which subsides with medication."  Tr. 178.  He also noted a limited range of motion in the right shoulder, with the left shoulder, elbows, and wrists being normal.  Tr. 179.  His impression was of periarthritis of the right shoulder and status post rupture of the biceps tendon with functional impairment.  Tr. 180.

Plaintiff testified that he once had a severe cramp in his shoulder down to his elbow after he tried to water the yard.  Tr. 45.  He indicated elsewhere that he is unable to lift heavy objects without pain.  Tr. 84.  He indicated that he has pain and cramping with use of his right arm.  Tr. 94.

The record and the opinion of the ALJ demonstrate that the ALJ recognized and accommodated the functional limitations in the use of Plaintiff's right (dominant) arm and shoulder by incorporating limitations because of pain into his RFC, finding that Plaintiff could not perform his past relevant work and limiting him to a range of work at the light exertional level. Light work involves lifting no more than 20 pounds at a time with frequent lifting of up to 10 pounds, a marked difference from his previous work as a rural mail carrier which, according to Plaintiff, involved the lifting of 70 pounds or more. The ALJ specifically noted the loss of strength in Plaintiff's shoulder in making his RFC assessment and also indicated that a reason for the limitation to light work was the pain Plaintiff experienced with repetitive use of his arm. Tr. 22. The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). There is substantial evidence in the record to support this RFC determination. I find that the ALJ did not err in determining that Plaintiff retains the RFC to perform a limited range of work at the light exertional level.

Plaintiff further argues that the ALJ erred by failing to incorporate limitations on the use of his right (dominant) upper extremity into the hypothetical questions posed to the VE. He claims that the testimony of the VE does not constitute substantial evidence to support the ALJ's determination that Plaintiff is able to perform work which exists in the national economy because the hypothetical questions did not include all of Plaintiff's limitations.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the

specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.*   In testifying, a   vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

However, the hypothetical presented to the VE need only reasonably incorporate the limitations accepted by the ALJ. *See Bowling v. Shalala*, 36 F.3d 431, 435-36 (no reversible error where the hypothetical presented reasonably incorporated the limitations accepted by the ALJ and claimant's representative had the opportunity to present questions incorporating additional limitations).   Moreover, the ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

As noted above, I find that the ALJ did not err in making his RFC assessment.   The ALJ did not find that Plaintiff had limitations beyond the limitations of light work due to his loss of strength and pain from his arm and shoulder impairments.   Therefore, the ALJ was not required to incorporate further limitations due to Plaintiff's arm and shoulder impairments into the hypothetical questions posed to the VE.

At the hearing, the ALJ asked whether a hypothetical "younger person" with a high school education and some college education, with no degree, and the same work history as Plaintiff who could perform the full range of light work with no kneeling, no crouching, and only occasional changes, with limited walking and standing in combination, usually not over ten or 15 minutes at any one time, and not over two hours in an 8-hour workday, with a modified sit-stand option, could perform any of Plaintiff's past relevant work. Tr. 49-50.   The VE testified that such a person could perform the job of landman. Tr. 50.   Both the ALJ and Plaintiff's representative further questioned

the VE.  Tr. 50-51.  Plaintiff's representative asked whether such a hypothetical person, with the added limitation of missing eight hours of work per week because of pain, was employable, and the VE testified that such a person would not be employable.  Tr. 52.  Upon further inquiry by the ALJ, the VE further testified that a hypothetical person, with the RFC, vocational history, and limitations noted by the ALJ could perform other work existing in significant numbers in the national economy, including clerical sorter, with 4,300 jobs in the state and over 120,000 jobs in the nation; information clerk, with 3,000 jobs in Texas and over 100,000 jobs in the nation; and mail sorter, with 3,800 jobs in Texas and 127,000 jobs nationally.  Tr. 54-55.  The VE testified that in determining  the numbers identified, he had factored in a modified sit-stand option.  Tr. 55. Plaintiff's representative was given the opportunity for further questioning.  *Id*.

The record demonstrates that the ALJ reasonably incorporated those limitations that he accepted into the hypothetical question posed to the VE.  Tr. 49-52.   Moreover, Plaintiff's representative had the opportunity to further question the VE.  Tr. 51-52, 55.  While the VE testified that a person with a limitation of missing eight hours of work per week because of pain would be unemployable, such a  limitation was  not accepted by the ALJ and is not supported by substantial evidence in the record.  Nor is there substantial evidence in the record to demonstrate that Plaintiff is more limited in the use of his right upper extremity than already noted by the ALJ.  The ALJ did not err in relying upon the testimony of the VE, and such testimony is substantial evidence in support of the ALJ's conclusion that Plaintiff could perform work which exists in significant numbers in the national economy and was thus not disabled within the meaning of the Social Security Act.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 17th day of August, 2005.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**